[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15230
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Bernard Steadman, was ineffective in assisting him in that he (1) failed to properly advise him regarding the decision to plead guilty; and (2) failed to move to suppress evidence obtained by an alleged illegal search warrant. The petitioner called two (2) witnesses, himself and his criminal trial attorney and produced three exhibits, Petitioner's exhibit 1, the transcript of his plea, Petitioner's exhibit 2, the transcript of his sentencing, and Petitioner's exhibit 3, a copy of the search warrant.
Steadman testified that he represented the petitioner soon after his arraignment because the public defender's office represented the petitioner's co-defendant. He met with the petitioner on several occasions in court. The petitioner was out on bond and had the business card of Steadman but never came to his office nor called him on the telephone. Steadman had taken advantage of the open file system of the State's Attorney's Office and had examined the information therein including the search and seizure warrant. He identified the warrant as Petitioner's Exhibit 3. He was also aware that Joey Lewis, the petitioner's co-defendant and girlfriend had given a statement. He discussed these things with the petitioner who said the confidential informant described in the affidavit of the search warrant could not have been in the apartment. He testified that, even if he was successful in suppressing the items seized in the search warrant, the petitioner was still faced with a hearing on the violation of probation which carried an unserved term of seven (7) years. A further complication was that the petitioner denied that he lived at 122 Willets Avenue, New London where the search occurred which could cause questions as to his standing to contest the warrant. A further complication was that the petitioner had, on a random test, a positive result for marijuana and had been charged with interfering with an officer on a motor vehicle arrest for driving while under suspension. The state had taken the position that the violation of probation charge would be heard first and that meant a likely sentence of seven (7) years before adding on substantial time on the trials of the other charges. He believed that the offer of ten (10) years to serve was warranted and left it up to the petitioner. Although he observed that the petitioner was reluctant to accept the eventual plea bargain he believed that the petitioner knew that he was facing time to serve. He had no chance to talk to the petitioner CT Page 15231 after the sentencing because the petitioner fled from the courtroom.
The petitioner testified that he was out on a $100,000 bond but was unable to hire his own attorney even though he was not satisfied with Steadman. He claimed that Steadman had indicated to him that the search warrant was weak and the petitioner was under the impression that his girlfriend whose case had not yet been disposed of would testify in his case on the motion to suppress that she owned the cocaine found in her residence. He was aware before his plea that the cocaine was found along with drug notes and money in a white baby "wipes" box as well as two (2) of his Connecticut identification cards. See Petitioner's Exhibit 3. He claimed that the statements in the affidavit of the search warrant about heavy drug-like traffic at the apartment as observed first by the concerned citizens and then by the affiants was not true and the owner of the building could so testify. The owner was not called as a witness. The affiants had received information from a confidential informant, whose reliability had been proven in the past that the petitioner sold crack cocaine while he, the informant, was present in the apartment. One of the affiants during the surveillance saw the petitioner on the porch whom he knew to have been twice previously convicted of narcotics charges.
The court finds that the search warrant is facially sufficient. State v. Barton, 219 Conn. 529, 544-5, and that the petitioner has produced no credible evidence that the items seized would be suppressed on a motion attacking it. It is doubtful that his girlfriend whose case had not yet been disposed of would testify in his behalf, but even if she would, that she would be credible considering the other evidence which could be produced such as the petitioner's identification cards found with the cocaine, proof of residency of the petitioner found in the bedroom, his presence on the premises and the observation of him by the affiants on a previous occasion hanging out on the porch while there was a high volume of pedestrian and vehicle traffic. See Petitioner's Exhibit 3. The petitioner claims that he was forced to make his plea because, unknown to him he was faced with a hearing on his violation of probation charge and was going to jail that day for seven (7) years and still would face trials on the other matters. He was asked by the judge if he had discussed the evidence which the state has against him with his attorney before his plea and whether he was satisfied with the attorney to which he responded affirmatively. He also admitted that he gave up his right to trial, knew the sentence that he was receiving, was making his plea because of the recitation of the facts by the CT Page 15232 State's Attorney and that he would not be able to withdraw such plea unless there was a legal justification to do so. SeePetitioner's Exhibit 1.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. This he has failed to prove. Likewise the petitioner has failed to show counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum,211 Conn. 352, 359.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee